IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SYREETA REDD,
    Plaintiff,
    Counter-Defendant

v.                                                                         Civil Action No. 3:12-cv-00737-JAG

RUDI JACKSON,
    *Pro se* Defendant,
    *Pro se* Counter-Claimant,

EMPOWERMENT CLINICAL &
CONSULTING SERVICES, LLC,
    Defendant,

AUDREY CAMPBELL,
    Defendant,

and

BRALEY & THOMPSON, INC.,
    Defendant.

RUDI JACKSON,
    *Pro se* Third-Party Plaintiff

v.

SHELLEY & SCHULTE, P.C.,
    Third-Party Defendant

## MEMORANDUM OPINION

This matter comes before the Court on motions to dismiss the "counterclaims" filed by defendant Rudi Jackson. (Dk. Nos. 24, 26, 29, and 31.) He attempts to assert a counterclaim

against the plaintiff Syreeta Redd and her attorney, Shelley & Schulte, P.C. Jackson appears *pro se*.[1]

Jackson's pleading raises two claims: (1) abuse of process and (2) intentional infliction of emotional distress. The Court GRANTS the motions to dismiss for two reasons. First, as to the claim against Redd, the Court lacks subject matter jurisdiction over the counterclaim. Second, as to the claim against Shelley & Schulte, the third-party complaint does not comport with Rule 14 of the Federal Rules of Civil Procedure. Thus, the Court GRANTS the motions to dismiss. (Dk. Nos. 24, 26, 29, and 31.)

## I. BACKGROUND

In October 2012, Redd filed a complaint with this Court against Empowerment Clinical & Consulting Services, Inc., ("Empowerment") and Jackson for terminating her employment in violation of the Family Medical Leave Act and Title VII of the Civil Rights Act of 1964. Based on additional information obtained from Jackson's answer, Redd filed an amended complaint naming two additional defendants in January 2013. Jackson answered the amended complaint in February 2013, then filed his counterclaim in April 2013.

Jackson alleges that Redd misstates the facts surrounding her departure from Empowerment in her "bogus" claim. Accordingly, Jackson believes that Redd abused the judicial process by frivolously filing the lawsuit against him and intentionally inflicted emotional distress on him. Additionally, Jackson alleges that "[i]t is obvious [Shelley & Schulte] did no research on the case . . . ." As a result, the original lawsuit "has caused [Jackson] a great deal of

---

[1] Since Shelley & Schulte is not a party to the original claim, the Court will construe Jackson's counterclaim against Shelley & Schulte as a third-party complaint. A defendant can only assert a proper counterclaim against an opposing *party* to the original claim. Fed. R. Civ. P. 13. Shelley & Schulte was not an opposing party in the original claim. Thus, the Court treats Jackson's filing as a third-party complaint.

2

emotional stress and health problems," (Countercl. ¶ 6), including high blood pressure and exacerbation of Jackson's male breast cancer. Jackson seeks "declaratory judgment, injunctive relief, liquidated damages, compensatory and punitive damages." (Countercl. ¶ 2.)

## II. STANDARD OF REVIEW

The counter-defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A motion made pursuant to Rule 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. In such a motion to dismiss, "the burden is on . . . the party asserting jurisdiction to prove that federal jurisdiction is proper." *Int'l Longshoreman's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the counter-plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

# III. ANALYSIS

## A. Jackson's Counterclaim Against Redd

### 1. Jackson's Counterclaim Against Redd Is Permissive, Not Compulsory

Jackson's counterclaim against Redd qualifies as permissive, not compulsory, because his counterclaims do not arise out of the same transaction as Redd's employment discrimination claim.

Fed. R. Civ. P. 13 allows for two types of counterclaims, compulsory and permissive. A compulsory counterclaim "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed R. Civ. P 13(a). A defendant must assert a compulsory counterclaim in the case in which he is sued, or he waives the right to raise the claim in the future. On the other hand, a permissive counterclaim "may state . . . against an opposing party any claim that is not compulsory." Fed. R. Civ. P. 13(b). "[A] permissive counterclaim must have an independent jurisdictional base while a compulsory counterclaim need not have [an independent jurisdictional base]." *Sue & Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048, 1051 (4th Cir. 1976) (internal citation omitted).

The Fourth Circuit has suggested four inquiries to determine the nature of a counterclaim:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?

*Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988) (citing *Sue & Sam*, 538 F.2d at 1051–53 (4th Cir. 1976)). "A court need not answer all these questions in the affirmative for the counterclaim to be compulsory. Rather, the tests are less a litmus [test and] more a guideline." *Id.* (internal citations omitted).

In his counterclaim, Jackson alleges abuse of process and intentional infliction of emotional distress. The issues of both fact and law to sustain these claims differ from those of Redd's original employment discrimination claim. For example, the ulterior motive in abusing the judicial process and the facts necessary to prove such motive, while essential to Jackson's counterclaim of abuse of process, do not materially relate to Redd's discrimination claim. Similarly, the proof necessary to prove the defendant's status as an employer under the Family Medical Leave Act varies markedly from the proof necessary to prove Jackson's claim of intentional infliction of emotional distress. Additionally, res judicata would not bar Jackson from bringing his counterclaim in a separate suit. Accordingly, Jackson's counterclaim qualifies as permissive and, as such, must independently satisfy jurisdictional requirements.

*2. The Court Lacks Jurisdiction Over Jackson's Permissive Counterclaim*

"A permissive counterclaim must have an independent jurisdictional base." *Sue & Sam*, 538 F.2d at 1051. Federal courts have limited subject matter jurisdiction and "possess only the power authorized by [the] Constitution and statute[s], which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A federal court has subject matter jurisdiction over a claim filed by a private party based on (1) federal question jurisdiction or (2) diversity jurisdiction.

First, pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." A case arises under federal law if a plaintiff's well-pleaded complaint establishes either that (1) federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). Jackson's two claims, abuse of

process and intentional infliction of emotional distress, arise from state tort law. Neither claim requires resolution of a substantial question of federal law. Accordingly, this Court lacks federal question jurisdiction over Jackson's counterclaim.

Second, federal courts have jurisdiction to hear state-law claims between parties with diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Since its enactment, [the Supreme Court has] interpreted the diversity statute to require 'complete diversity' of citizenship." *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). Jackson and Redd are both citizens of Virginia and complete diversity of citizenship does not exist. Accordingly, this Court lacks diversity jurisdiction.

### B. Jackson's Third-Party Complaint Against Shelley & Schulte

The Court must dismiss Jackson's third-party complaint against Shelley & Schulte because Shelley & Schulte cannot be an appropriate third-party pursuant to Fed. R. Civ. P. 14.

Fed. R. Civ. P. 14(a) permits a defending party to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Stated another way, "a third-party claim under Rule 14 can be maintained only if the liability asserted is in some way derivative of the main claim." *Kohl's Dep't Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 413 (E.D. Va. 2003); *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987). A third-party plaintiff must "say[], in effect, '[i]f I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay [the] plaintiff.'" *Watergate Landmark Condo.*, 117 F.R.D. at 578.

Jackson did not file his complaint against Shelley & Schulte because of derivative liability. Instead, he only alleges that Shelley & Schulte "continue[] to alter the complaint adding and subtracting defendants seeking to find a way to justify Mrs. Redd's bogus claims." (Countercl. ¶ 1.) Accordingly, the Federal Rules do not permit Jackson to join Shelley & Schulte as a third-party defendant[2] and the Court must dismiss the complaint against them.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Redd's and Shelley & Schulte's motions to dismiss Jackson's "counterclaim." (Dk. Nos. 24, 26, 29, and 31.) Accordingly, the Court DISMISSES the counterclaim and third-party complaint WITHOUT PREJUDICE. (Dk. No. 20.)

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and via U.S. Mail to the *pro se* defendant.

Date: June 2(, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[2] Fed. R. Civ. P. 14(a)(1) also requires a defending party to "obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Jackson filed his answer to Redd's amended complaint on February 1, 2013, but did not file his third-party complaint until April 23, 2013, more than 14 days after his original answer. Jackson did not seek leave of the Court before filing his third-party complaint.

7