IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SYREETA REDD, et al.
                  Plaintiffs,

v.                                                          Civil Action No. 3:12-cv-00737-JAG

EMPOWERMENT CLINICAL &
CONSULTING SERVICES, LLC, et al.
                  Defendants.

## OPINION

This matter is before the Court on the plaintiffs' motion for attorneys' fees and costs. (Dk. No. 130.) Finding the plaintiffs' request appropriate, the Court GRANTS the motion. The Court awards the plaintiffs $76,323.00 in attorneys' fees and $1,254.20 in costs.

### I. Background

In October 2012, Redd filed a complaint against Empowerment Clinical and Consulting Services, Inc., ("Empowerment") and Rudi Jackson for terminating her employment in violation of the Family Medical Leave Act and Title VII of the Civil Rights Act of 1964. Based on additional information obtained from Jackson's answer, Redd filed an amended complaint naming two additional defendants in January 2013. Jackson answered the amended complaint in February 2013, and then he filed a counterclaim in April 2013. The Court dismissed Jackson's counterclaims and the case progressed.

On June 9, 2014, the Court granted the plaintiffs' motion for default judgment against defendants Audrey Campbell and Empowerment Clinical in the amount of $146,000.00. At the default judgment hearing, the Court directed the plaintiffs to file their motion for attorneys' fees. In the interim, Campbell initiated bankruptcy proceedings resulting in a stay of this case. The

stay has been lifted and the bankruptcy court dismissed Campbell's cases.[1] The Court, finding it appropriate to do so, now rules on the plaintiffs' motion for attorneys' fees.

## II. Analysis

Under the Family Medical Leave Act (FMLA) and Title VII, an award of reasonable attorneys' fees is mandatory. 28 U.S.C. § 2617(a)(3).[2] To calculate reasonable attorneys' fees, the Court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). According to the Fourth Circuit, reasonable rates and hours are guided by the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 243–44 (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). After determining a "lodestar figure, the 'court then should subtract fees for hours spent on

---

[1] Audrey Campbell filed a bankruptcy petition on June 19, 2014, initially staying this matter. That case was dismissed on December 11, 2014. Bankruptcy Case Number 14-33325-KRH. Campbell filed an additional petition on January 8, 2015, and the case was dismissed on May 20, 2015. Bankruptcy Case Number 15-30088-KRH.

[2] "The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 28 U.S.C. § 2617(a)(3). The recovery of costs is not limited to those under 28 U.S.C. § 1920 where attorneys' fees are expressly authorized by statute. *See ECOS, Inc. v. Brinegar*, 671 F. Supp. 381, 403 (M.D.N.C. 1987); *Wheeler v. Durham City Board of Educ.*, 585 F.2d 618, 623 (4th Cir. 1978) (finding that the "statutory authorization of reasonable attorneys' fees was intended to include litigation expenses" such as "supplemental secretarial costs, copying, telephone costs and necessary travel").

unsuccessful claims unrelated to successful ones.'" *Grissom,* 549 F.3d at 321 (quoting *Johnson v. City of Aiken,* 278 F.3d 333, 337 (4th Cir. 2002)). "Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Johnson,* 278 F.3d at 337.

The plaintiffs request $76,323.00 in attorneys' fees. In determining the appropriate award, the Court takes into account the time spent on the litigation. The plaintiffs filed their complaint in October 2012, and over two years later the case remains active. The docket in this case reflects the amount of time and labor expended.

Applying the above mentioned factors, the Court finds an award of attorneys' fees appropriate. The plaintiffs filed a motion to amend the complaint, they expended time seeking to settle the matter, and they conducted discovery in the case.[3] The plaintiffs ultimately prevailed with a default judgment in the amount of $146,000.00. The Court notes that this case does not appear to pose novel or difficult questions and that counsel does not appear to have foregone any opportunities in pursuing this case. The attorneys' fees in the case represent fair rates and appear reasonable. The Court also notes that it awarded $70,000 in attorneys' fees and $3,726.96 in costs to Braley & Thompson, the third-party plaintiff, in this very action. (Dk. No. 119.)

### III. Conclusion

For the reasons mentioned, the Court finds an amount of $76,323.00 to be a reasonable award of attorneys' fees, and the Court finds an award of $1,254.20 costs appropriate.

The Court will enter the appropriate order.

---

[3] Counsel notes that time spent on issues unrelated to the plaintiffs' claims have been discharged as unbillable. (Dk. No. 131-1 at ¶12.)

3

It is so ORDERED.

Let the Clerk send a copy of this Opinion to all counsel of record and via U.S. Mail to the *pro se* defendants.

Date: 7/6/15
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge